IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **RICO LAMAR BALLARD,** | : |
| **Plaintiff,** | : |
| VS. | : NO. 5:24-CV-00377-MTT-CHW |
| **Warden GEORGE IVEY,** *et al.*, | : |
| **Defendants.** | : |

## ORDER

On November 7, 2024. the Court, pursuant to 28 U.S.C. § 1915(g), denied Plaintiff's request to proceed *in forma pauperis* because he had previously incurred three strikes and dismissed this civil action without prejudice allowing the Plaintiff to refile upon payment of the full filing fee. ECF No. 4. Plaintiff has now filed a motion for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure in which he requests that this Court reconsider its dismissal of this civil action. ECF No. 7.

There are only three circumstances that warrant reconsideration of a prior order under Rule 59(e): "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Daker v. Humphrey*, Civil Action No. 5:12-CV-461 (CAR), 2013 WL 1296501, at *2 n.1 (M.D. Ga. Mar. 27, 2013) (quoting *Fla. College of Osteopathic Med., Inc. v. Dean Witter*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998)); *see also Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). Rule 59(e) "cannot serve as a vehicle to relitigate old matters or present the case under a

new legal theory . . . [or] give the moving party another 'bite at the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment." *Daker v. Dozier*, No. 5:17-cv-25 (CAR), 2017 WL 4797522 at *1 (M.D. Ga. Oct. 24, 2017) (internal quotation marks omitted) (alterations in original); *see also Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005). Furthermore, "'motions for reconsideration are disfavored'" and "'relief under Rule 59(e) is an extraordinary remedy to be employed sparingly.'" *Mercer v. Perdue Farms, Inc.*, No. 5:10-cv-324 (CAR), 2012 WL 1414321, at *1 (M.D. Ga. Apr. 20, 2012) (quoting *Krstic v. Princess Cruise Lines, Ltd.*, 706 F. Supp. 2d 1271, 1282 (S.D. Fla. 2010)); *see also Daker*, 2017 WL 4797522, at *1 (holding same).

Motions for reconsideration under the Local Rules are treated similarly. In this regard, motions for reconsideration are not to "be filed as a matter of routine practice." M.D. Ga. Local R. 7.6. Moreover, reconsideration is only appropriate when "(1) there has been an intervening change in the law; (2) new and previously unavailable evidence has been discovered through the exercise of due diligence; or (3) the court made a clear error of law." *Fla. Found. Seed Producers, Inc. v. Ga. Farms Servs., Inc.*, 977 F. Supp. 2d 1336 (M.D. Ga. 2013).

Here, Plaintiff first argues that his previous three dismissals for abuse of the judicial process for failing to truthfully disclose his litigation history[1] do not count as strikes for purposes of 28 U.S.C. § 1915(g) because the dismissals were without prejudice and do not

---

[1] *See Ballard v. Parish*, 4:22-cv-00123 (N.D. Ga. July 11, 2022); *Ballard v. Woodard*, 4:22-cv-00124 (N.D. Ga. July 11, 2022); *Ballard v. Sprayberry*, 4:22-cv-00125 (N.D. Ga. Jun. 30, 2022).

otherwise fall under §1915A(b)(1). ECF No. 7 at 1-4. However, Plaintiff is wholly mistaken. The Eleventh Circuit has held that "[i]n the context of determining whether a prisoner was a 'three-striker' under the PLRA, we have approved the dismissal of a prisoner's *pro se* complaint as a sanction for failing to disclose a prior lawsuit because 'dismissal for abuse of the judicial process is precisely the type of strike that Congress envisioned when drafting section 1915(g).'" *Kline v. Warden*, No. 21-12620-F, 2021 WL 9203812, at *1 (11th Cir. Dec. 22, 2021) (citing *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *see also Ingram v. Warden*, 735 F. App'x 706, 707 (11th Cir. 2018) (per curiam) (finding no abuse of discretion when district court dismissed prisoner plaintiff's complaint without prejudice for abuse of the judicial process for failing to truthfully disclose litigation history and imposing a strike under § 1915(g)). Thus, Plaintiff's argument that his previous dismissals for abuse of the judicial process do not count as strikes is without merit and do not warrant an altering of the Court's previous decision to consider those dismissals as strikes under § 1915(g) and to deny him leave to proceed *in forma pauperis*.

Plaintiff further argues that the Court erred when it found that his complaint did not qualify for the imminent danger exception to § 1915(g). ECF No. 7 at 4-6. To this end, Plaintiff reiterates that the prison is understaffed and posits that "if [he is] return[ed] to general population at Hancock State Prison [he] will be beaten and violently attacked again causing serious physical injury." *Id*. However, presently and at the time of filing his complaint, Plaintiff is not in general population at Hancock State Prison but is being

held in "lockdown pending disciplinary hearing for assault by an unknown offender" after prison officials concluded that Plaintiff held fault in the altercation and charged him with "a gang violation". ECF No. 1 at 10.

"A three-strike prisoner must show he is in imminent danger 'at the time that he seeks to file his suit in district court or seeks to proceed with his appeal or files a motion to proceed IFP.'" *Owens v. Centurion Med.*, 778 F. App'x 754, 757 (11th Cir. 2019) (citing *Medberry v. Butler*, 185 F.3d 1189, 1192-93 (11th Cir. 1999). Allegations about past harm are "insufficient to meet the imminent-danger requirement." *Daker v. Robinson,* 802 F. App'x 513, 515 (11th Cir. 2020) (per curiam) (quoting *Medberry,* 185 F.3d at 1193). Further, "allegations of future harm" cannot be "too speculative to meet the imminent danger standard" nor "too attenuated from the crux of the complaint." *Id*.; *see also Sutton v. Dist. Atty's Office*, 334 F. App'x. 278, 279 (11th Cir. 2009); *Cole v. Tifft*, 2009 WL 3668094, at *2 (N.D. Fla. Oct. 23, 2009) (internal citations omitted) (holding that "[a]llegations that describe merely a hypothetical or speculative danger and fail to suggest that any specific threat has been made against plaintiff are … insufficient."); *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (finding that the "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat ... is real and proximate.").

Here, Plaintiff filed this civil action while housed, not in the dormitory where the altercation at issue occurred, but while he is in segregation facing disciplinary charges arising out of the incident. ECF No. 1 at 10. Plaintiff's present claim that should he

later be placed in general population at Hancock State Prison then he will face imminent danger of physical injury is too conclusory, speculative, and hypothetical to warrant the imminent danger exception to § 1915(g). *See e.g.*, *Daker v. Ward*, 999 F.3d 1300, 1312 (11th Cir. 2021) (finding that "the fact that something, even something very serious …, could happen does not mean it is about to happen and is therefore imminent."); *O'Connor v. Suwannee Corr. Inst.,* 649 F. App'x 802, 805 (11th Cir. 2016) (finding no imminent danger where plaintiff "only speculated, without alleged facts in support, that he would be transferred back" to the facility where he faced threats of harm); *Medberry*, 185 F.3d at 1193 (holding that the imminent danger exception was not triggered where threat of assault by other prisoners ceased to exist when the plaintiff was placed in administrative confinement prior to filing his complaint).

## CONCLUSION

For all the reasons set forth above, this Court finds that Plaintiff raises no argument or claims within his post-judgment motion for reconsideration on new law, newly discovered evidence, or any clear errors of law made by the Court. This Court further finds that Plaintiff has failed to demonstrate any manifest injustice which would warrant this Court to amend its dismissal without prejudice of Plaintiff's complaint. Therefore, Plaintiff has failed to satisfy the standards under Rule 59 of the Federal Rules of Civil Procedure or M.D. Ga. Local R. 7.6 for this Court to alter its previous judgment. Accordingly, Plaintiff's motion for reconsideration (ECF No. 7) is **DENIED**.

**SO ORDERED**, this 11th day of December, 2024.

                                                    S/ Marc T. Treadwell
                                                  MARC T. TREADWELL, JUDGE
                                                  UNITED STATES DISTRICT COURT